405 P.2d 343

**In re Boyd M. FULLMER, Disciplinary Proceeding of Utah State Bar.**

**No. 10323.**

Supreme Court of Utah.

Sept. 3, 1965.

Carman E. Kipp, Kipp & Charlier, Salt Lake City, for respondent.

PER CURIAM.

Pursuant to a disciplinary proceeding the Utah State Bar Commission recommended that Mr. Boyd M. Fullmer be suspended from membership and the privilege of practicing law for a period of three years. The review of that proceeding in this court is not like an ordinary appeal or administrative review because the

1. Rule 72(a), U.R.C.P.
2. Rule 72(b), U.R.C.P.

3. Attorney General of Utah v. Pomeroy, 93 Utah 426, 73 P.2d 1277, 114 A.L.R. 726 (1937).

order to be made is the responsibility of this court. Nevertheless this court is disposed to follow the same pattern generally and to look upon the findings and the recommendation of the Bar Commission with indulgence; and not to disregard its action lightly, nor at all unless there is something to persuade this court that the Commission has acted capriciously or arbitrarily or beyond the scope of its powers, or is plainly in error.

This proceeding was grounded upon two counts of wrongful conversion by Mr. Fullmer of money belonging to his clients. On the first count it is shown that he received on behalf of Mr. and Mrs. Hendrick Vredeveld a settlement for personal injuries of $2500.00. He falsely represented to them that an action had been filed on their claim and that trial had been set for a later date. Meanwhile he received the money, by a deceptive artifice procured their signatures on a release and draft, and converted the money to his own use. It was necessary for them to hire counsel, bring suit and recover judgment thereon. On the second count a generally similar thing occurred in relation to a settlement for $3500.00 on behalf of Mrs. Marcell Williams for the death of her husband. It was supposed to be $2500.00 for her and $1000.00 for himself as attorney's fee. Sparing the details, which do no credit to Mr. Fullmer, he had never paid her $780.00 of her share of the settlement.

There is no substantial dispute as to the basic facts showing the breaches of professional conduct just related. Such extenuation as it offered is grounded upon these facts: that he was in financial distress because of the needs of his family; that after he became involved with the Vredevelds further pressure provoked him to what he classifies as "irrational" action with respect to the Williams claim. He has been trying to make restitution, turned over a 1958 Pontiac and about $300.00 worth of law books for that purpose; paid a thousand dollars in cash in May 1964; and has been making regular monthly payments of $25.00 per month. He testified that he is employed; that he has taken bankruptcy but that these debts are not dischargeable.

Also noteworthy is the fact that Mr. Fullmer's attitude toward this proceeding and the Disciplinary Committee was not all that might be desired. In spite of the two serious wrongs committed against clients who had a right to repose special confidence and trust in him, he appears to have been more concerned with his own situation than with the effect his conduct had upon others and his responsibilities as a lawyer to the Bar and to the public.

On Mr. Fullmer's behalf it is urged that the suspension for three years is unduly severe and that after such a long period a completely new beginning at the practice of law would be necessary. Though this may be true, when all aspects of this con-

·duct are considered and it is realized that the offenses are such that charges of embezzlement might lie, the perspective changes somewhat. This is particularly true when this disciplinary proceeding and its result are compared with a possible prosecution for offenses and the punishment which might be meted out upon conviction of them.

We are impressed that the Disciplinary ·Committee consisting of Messrs. Heber ·Grant Ivins, ·Chairman, Dean Jeffs and Pershing Nelson approached their task with the utmost seriousness and sense of responsibility as to what was involved for Mr. Fullmer, as well as for the Bar and for the public. They manifest a patient ·and judicious attitude with a desire to find the truth and .do justice in this matter; and they arrived at their conclusion after ·due deliberation and consideration.

On the basis of the record of this proceeding, the proposed order of the Disciplinary Committee, and the recommendation of the Board of Commissioners of the Utah State Bar based thereon, the following order is made: that Boyd M. Fullmer be suspended from membership in the Utah State Bar and from the practice of law for period of .three years from. the date of remittitur and until these conditions are met: that he has completed restitution in the two cases hereinabove referred .to and upon which this proceeding is based; un-

til he reimburses the Utah State Bar for the expenses incurred in conducting this proceeding; and until he furnishes to the Board of Commissioners satisfactory proof of good character and they recommend his reinstatement.