**In re Don O. BLACKHAM,
Disciplinary Proceeding.**

**No. 15610.**

Supreme Court of Utah.

Dec. 6, 1978.

John A. Rokich, Magna, for Blackham.

Pamela T. Greenwood, James L. Sadler, of Hanson, Wadsworth, & Russon, Salt Lake City, for Utah State Bar.

PER CURIAM:

Formal disciplinary proceedings were commenced against Appellant Blackham by the Ethics and Disciplinary Committee of the Utah State Bar. After hearing before a hearing officer, designated by the Utah State Bar Commission, findings of fact were entered by the hearing officer. These findings were approved and adopted by the Bar Commission which entered an order recommending that appellant be suspended

---

**3.** *Bahler v. Fletcher,* 257 Or. 1, 474 P.2d 329 (1970).

from the practice of law for two years and that reinstatement thereafter be conditioned upon satisfying the Commission that he is then competent to practice law.

Appellant contends in this Court that the findings do not establish a violation of the Revised Rules of Conduct of the Utah State Bar and that the recommended two year suspension (should the disciplinary violations be upheld) is unnecessarily harsh and unreasonable.

 The relevant findings of fact are recited below and are verbatim or in substantially the form as adopted by the Bar Commission:

1. That in September or October of 1974, the appellant commenced the legal representation of Floyd S. Hunting and Edith Hunting as defendants in a civil suit filed in District Court of Salt Lake County, Civil No. 222654, entitled *Kelene O'Callahan v. Floyd Hunting and Mrs. Floyd Hunting*.

2. That the appellant filed an answer and other legal papers on behalf of Mr. and Mrs. Hunting, but failed to take sufficiently appropriate action to protect their rights in said action. Specifically, the appellant had notice that his clients, Mr. and Mrs. Hunting, had been committed to the Utah State Hospital in Provo, Utah, prior to a hearing on the plaintiff's motion to strike the defendants' pleadings for failure to answer interrogatories, but did nothing to prevent the entry of the order granting the plaintiff's motion and then allowed a default judgment to be entered against Mr. and Mrs. Hunting in the approximate sum of $12,000.00.

3. That subsequent to the entry of the Judgment by Default against Mr. and Mrs. Hunting, there existed adequate grounds to set aside said judgment of which appellant was fully aware, but he failed to ever take any steps to set aside said judgment or otherwise relieve the Huntings of its effect.

4. That certain real property belonging to Mr. and Mrs. Hunting thereafter became subject to execution and sheriff's sale, pursuant to the aforesaid judgment against the Huntings.

5. That the appellant had notice of the time and date of said sale, and could have taken steps to avoid or at least alleviate harm therefrom to his clients, Mr. and Mrs. Hunting, but failed to take any such steps, and as a result, the real property, with a net value of approximately $12,000.00 to $15,000.00, was sold to the judgment creditor for approximately $473.00.

6. That the appellant failed to advise his clients, the Huntings, regarding their redemption rights, following the sheriff's sale of the aforesaid real property, and failed to take any action in regard thereto, and that as a result, all redemption rights in the property were lost.

7. That as a direct result of the inaction of the appellant, the Huntings lost all interest in the aforesaid real property and became subject to a potential deficiency judgment in the approximate sum of $11,500.00.

8. That a subsequent action was brought to quiet title in the aforesaid real property, said suit being entitled *Brian M. Barnard v. Floyd S. Hunting, et al.*, Civil No. 23316~ in the District Court for Salt Lake County, State of Utah.

9. That named as defendants in said suit were Warren H. Hales and LaRene H. Hales, the daughter and son-in-law of the aforesaid Mr. and Mrs. Hunting.

10. That the appellant undertook to represent Mr. and Mrs. Hales in said suit and to protect their interest in said real property pursuant to the assignment of a judgment against said property in the sum of $1,500.00 to the Hales.

11. That the appellant at trial in the aforementioned action, failed to introduce any evidence of the assignment of judgment in behalf of the Hales, and that as a result, Mr. and Mrs. Hales lost all interest and rights in and to said real property.

12. That all of the aforesaid conduct constitutes violations of the Revised Rules of Conduct of the Utah State Bar, specifically including the following: Rule IV, Canon 6, DR 6–101(A)(1), (2) and (3), and Canon 7, DR 7–101(A)(1) and (2).

Our review of the record discloses that these findings were not made arbitrarily, capriciously, or unreasonably. The findings are amply supported by the evidence and appellant's conduct, as shown by findings 1 through 11 establishes the disciplinary violations in finding 12.

We now consider the disciplinary actions appropriate to appellant's conduct. This Court is not bound to accept the disciplinary recommendations proposed by the Bar.[1]

In argument before this Court the counsel for the Bar conceded, and we think accurately, that responsibility for the unfortunate lawsuit concerning the Huntings was shared between appellant and his clients.[2] This factor, while not absolving appellant from the noted violations, is appropriate however when considering sanctions. We therefore believe that the appropriate disciplinary action is a public censure and reprimand, which this opinion constitutes. Costs are awarded to the Utah State Bar.

1. *In Re: Hansen*, Utah, 584 P.2d 805 (1978); *In Re: Hansen*, Utah, 586 P.2d 413 (1978).

2. The Huntings, when able to do so, did not answer interrogatories given to them by Blackham and did not appear at several scheduled appointments with Blackham. Generally, they made no efforts to aid Blackham in furtherance of their case. In fact they were totally uncooperative as clients.