**In re C. Demont JUDD, Jr.**

**No. 19117.**

Supreme Court of Utah.

May 22, 1984.

Lorin N. Pace, Salt Lake City, for appellant.

C. Jeffry Paoletti, Stephen F. Hutchinson, Salt Lake City, for respondent.

BILLINGS, District Judge:

The Utah State Bar Ethics and Discipline Committee charged appellant, an attorney, with misconduct relating to two clients. A hearing panel found that appellant's conduct violated the Revised Rules of Professional Conduct of the Utah State Bar. The panel, recognizing appellant's previous 60-day suspension, *see In re Judd,* Utah, 629 P.2d 435 (1981), recommended a 30-day suspension. The Board of Commissioners adopted the findings, conclusions, and recommendations of the panel. We affirm.

In November 1978, appellant agreed to represent a client in a misdemeanor criminal matter. Appellant did not communicate with the client between the initial conference and the date of trial. Appellant was twenty minutes late for trial. After the court found the client guilty, appellant agreed to pursue an appeal to the district court. The client paid $100. Appellant filed a notice of appeal, but thereafter failed to perfect the appeal. Appellant failed to file a memorandum of authorities, contrary to court rules and instructions by the court. He also failed to appear at a hearing on a motion to dismiss filed by the prosecution, and the motion was granted. He never advised the client that the appeal had been dismissed; the client discovered the dismissal through communication with the court. When the client complained, appellant agreed to refund the $100 fee. Appellant tendered a check that contained a restrictive endorsement on the back that purported to release appellant from any liability to his client.

Appellant agreed to represent a second client in an annulment proceeding in November 1979. Even though he knew of the trial date, appellant failed to notify the client and failed to appear. Instead, he appeared at a deposition in another matter at the time scheduled for trial. Appellant made no arrangement to postpone the annulment hearing. As a result, neither appellant nor the client was present, and the trial court entered a decree of annulment that included terms adverse to the terms sought by the client.

Based on the recited facts, the panel found that with respect to the first client appellant violated DR1–102(A)(6), DR6–101(A)(3), and DR6–102(A) because he failed to perfect the appeal, neglected a legal matter entrusted to him, and then attempted to exonerate himself from any liability or potential liability to his client. With respect to the second client, the panel found that appellant violated DR6–101(A)(3) by neglecting the annulment action entrusted to him.

Appellant first argues that the findings of fact should be amended to support his version of the circumstances surrounding the incidents. We disagree. We will adopt the Board's findings of fact "unless it appears that the Commission has acted arbitrarily or unreasonably, or unless those findings were not supported by substantial evidence." *In re Judd,* 629 P.2d at 437–38 (citations omitted). We have reviewed the record and hold that the findings are amply supported by the evidence adduced at the hearing.

Appellant next argues that since no damage was done to either complaining witness and since there was no showing of moral turpitude on appellant's part this Court should reduce his 30-day suspension to a reprimand. This Court does have the power to reduce a sanction recommended by the Board, and the Court has done so when the misconduct was not willful. *In re Hansen*, Utah, 584 P.2d 805 (1978). However, in addition to the instances of neglect, appellant's attempt to exonerate himself from liability was clearly willful. Furthermore, the acts of misconduct involved in this case occurred while appellant's first case was on appeal. Under these circumstances, we consider a 30-day suspension to be reasonable.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

HOWE, J., having disqualified himself, does not participate herein; BILLINGS, District Judge, sat.

OAKS, J., having resigned, does not participate herein.