In re Ray S. **STODDARD**, Bar No. F–224.

No. 880130.

Supreme Court of Utah.

May 21, 1990.

---

Christine A. Burdick, Toni Marie Sutliff, Salt Lake City, bar counsel.

Stephen F. Hutchinson, Salt Lake City, Utah State Bar.

John R. Bucher, Salt Lake City, for Ray S. Stoddard.

ZIMMERMAN, Justice:

Ray Stoddard appeals from a Utah State Bar Commission order recommending that a previously stayed six-month suspension from the practice of law be made effective immediately because Stoddard has failed to follow the terms of a previously imposed probation. Stoddard claims that the record provided by the Utah State Bar for this appeal is not adequate to allow proper review of the bar's recommendation and requests that the case be remanded to allow the record to be augmented. Stoddard also claims that the initial order of suspension was improperly imposed. We find Stoddard's arguments to be without merit and accept the recommendation of the bar commission.

In August of 1986, the bar counsel brought a disciplinary action against Ray Stoddard based on complaints filed against him by three former clients. Those complaints alleged, inter alia, that Stoddard had (1) improperly handled the filing of various documents related to a bankruptcy petition, resulting in the dismissal of his client's petition; (2) agreed to file both a criminal appeal and a divorce complaint for a prisoner in the Utah State Prison, but failed to do so; and (3) waited almost three years to initiate a divorce action for a client after receiving both payment and filing fees for the action and then failed to notify the client that the divorce had been granted or to mail her the decree. Stoddard ap-

peared before a disciplinary hearing panel, which found that he had in each instance neglected legal matters entrusted to him, in violation of canon 6 of the Utah Code of Professional Responsibility, DR 6–101(A)(3).[1] The panel found mitigating circumstances to exist in that the neglect was not intentional but had been caused by Stoddard's inability to afford full-time secretarial help and by his poor office management skills. The panel recommended a six-month suspension, with the suspension to be stayed during a nine-month probation period. Stoddard did not challenge the recommendation, which was affirmed in an order of discipline issued by this court in April of 1988.

The April 1988 order of discipline set out four conditions for successful completion of Stoddard's probation: (1) that he pay the bar $150 for its costs of prosecution before the end of the probationary period; (2) that he make restitution to one of the complainant clients in the amount of $185 within sixty days of the order's effective date; (3) that he be monitored by a supervising attorney and submit monthly monitoring reports to the bar counsel; and (4) that he engage in no unethical or unprofessional conduct during the nine-month probation period. In July of 1988, Stoddard attempted to make restitution to the client, but sent his payment by check to the Utah State Bar instead of the client. The bar deposited the check, which was returned for insufficient funds. Stoddard contacted the bar's financial department in September of 1988, informing it that the check had been returned because his account had been garnished sometime after he had tendered the check and that he was unable to cover the check at that time. Stoddard did not inform bar counsel of this unsuccessful attempt at restitution until the order to show cause hearing in January of 1989. Stoddard made no further attempt to make restitution to the client or the bar during the probationary period,[2] and he also failed to comply with the monitoring require-

ments of this court's order. He sent no reports to either bar counsel or his monitoring attorney, who moved to withdraw from that position halfway through the probationary period.

In December of 1988, the bar commission ordered Stoddard to appear before a hearing panel and show cause why his probation should not be revoked and the stayed six-month suspension imposed. In January of 1989, Stoddard appeared before the panel and admitted to violating the restitution and monitoring requirements of his probation. He also admitted, after an initial denial, that several more complaints involving neglect had been filed against him during the probationary period, all of which related to the same time period as the original three complaints. The panel found that the terms of the probation had been violated and, in February of 1989, recommended that the probation be revoked and that Stoddard be suspended for six months. Stoddard then retained counsel, who filed several objections to the panel's findings.

The bar commission held a hearing on Stoddard's objections, at which time Stoddard presented evidence of both his attempted restitution in July of 1988 and of his personal circumstances, which he claimed prevented him from complying with the monitoring requirement of the probation order. After hearing this evidence, the bar commissioners modified the panel's findings by noting Stoddard's attempt to make restitution and, in May of 1989, adopted the panel's recommendation of discipline. Stoddard then appealed to this court.

Following the filing of this appeal, the bar transmitted the record to this court and subsequently filed an amended version of the record in June of 1989. The amended record included the recommendations made by the bar commissioners that acknowledge Stoddard's July of 1988 restitution attempt. The day before bar counsel filed

---

1. The Utah Code of Professional Responsibility governs this appeal. In October of 1988 Utah adopted the Rules of Professional Conduct, now in effect.

2. In April of 1989, immediately prior to the bar commission's hearing on the panel's recommendations, Stoddard did make the required restitution to both the bar and the client.

the amended record, Stoddard filed a motion for remand for augmentation of the original record filed by the bar to show that he tried to make restitution in 1988. This motion was granted by the court, and the record, which then included the amended record filed the day after the motion, was returned to the bar. The bar then objected to the motion and the remand order was recalled; however, the bar mistakenly failed to retransmit the record back to this court. The bar finally refiled the amended record with its brief in December of 1989.

Stoddard's appeal raises two claims. First, he attacks the sufficiency of the record supplied by the bar to this court. Second, he attacks the bar's order recommending imposition of a six-month suspension. We address these claims separately.

■ Stoddard attacks the sufficiency of the record on two grounds. First, he asserts that the record does not contain any transcripts from the bar commission's hearings on his objections to the hearing panel's findings. This deficiency, according to Stoddard, prevents this court from reviewing the adequacy of the bar commissioners' recommendations that originated in those hearings.

We reject this claim. Rule XII(f) of the Procedures of Discipline of the Utah State Bar does not require the recording of bar commission hearings held on petitions to amend, modify, or reconsider a hearing panel's findings, conclusions, or recommendations. This is contrasted with rule XII(b), which does require the recording of formal complaint evidentiary hearings. The hearings held by the bar commissioners on Stoddard's objections to the hearing panel's findings are clearly within the ambit of rule XII(f), notwithstanding the commissioners' willingness to allow Stoddard to present, and their acceptance of, evidence on the restitution and monitoring issues.

■ Stoddard also attacks the sufficiency of the record by claiming that it does not contain either the bar commissioners' recommendations made after the hearing on his objections, which acknowledged that Stoddard attempted restitution in July of 1988, or any of his evidentiary submissions made at that hearing.

The bar notes that it supplemented the record as requested by Stoddard. The amended record filed the day after Stoddard moved for augmentation included the bar commissioners' recommendations acknowledging Stoddard's restitution attempt. Additionally, two affidavits submitted during that hearing concerning Stoddard's "unique professional and personal circumstances" were attached to the bar's brief before this court. The bar also points to the fact that Stoddard failed to make inquiry with the office of bar counsel on the status of the record after he made his motion to augment.

While it is clear that the bar could have been more diligent in providing a complete record to this court in a timely manner, it is also clear that its failure to do so has not worked undue disadvantage on Stoddard. The amended record contains substantially all the documents necessary for this court to review the findings and recommendations of the hearing panel and the bar commissioners, and those documents missing from the amended record were provided to this court in either the bar's or Stoddard's appeal briefs. At oral argument, Stoddard's counsel conceded that if we considered the attachments to the briefs, all the documents he requested be included in the record would be before the court. This certainly is not the preferred way to bring a record before the court, but in this instance we cannot find that our ability to review the disciplinary recommendations of the bar has been hampered. Therefore, we see no reason to remand the record for augmentation or supplementation. We proceed to consider the sufficiency of the record, including the attachments to the briefs, to support the recommended revocation of probation.[3]

3. In reviewing recommendations of the bar as to the appropriate level of discipline to be imposed for a violation of the Code of Professional Responsibility, we give the findings and conclu-

Having reviewed the record, we conclude that there is no question that Stoddard did not make the required restitution, as we ordered, and that he did not comply with the monitoring requirements we imposed in our order of discipline. Under the terms of that order, these facts alone would be enough to warrant revocation.

Stoddard attempts to challenge the revocation by attacking the original order of discipline. He claims that since the monitoring requirement imposed as a condition of his probation was not included in the original hearing panel recommendation, it was improper to include it in this court's order of discipline. However, Stoddard cannot attack the sufficiency of the original 1988 disciplinary order imposing the stayed suspension and probation. The present appeal is from the order to show cause hearings and the subsequent bar commission recommendation that we revoke Stoddard's probation, and not a challenge to the 1988 order of this court.

Therefore, the bar commission's recommendation is accepted, and it is ordered that Stoddard be suspended from the practice of law for six months, effective two weeks from the date of the issuance of this opinion.

HALL, C.J., HOWE, Associate C.J., and DURHAM, J., concur.

STEWART, J., concurs in the result.

sions of the bar serious consideration but retain the authority to make an independent judgment on that matter. *E.g., In re Judd,* 682 P.2d 302, 304 (Utah 1984); *In re Blackham,* 588 P.2d 694, 696 (Utah 1978); *In re Hansen,* 586 P.2d 413, 417 n. 4 (Utah 1978); *In re Hansen,* 584 P.2d 805, 807 (Utah 1978).